Erez Glambosky (EG 5309)
Mark N. Antar (MA 9973)
RIVKIN RADLER LLP
477 Madison Avenue, 20th Floor
New York, New York 10022
(212) 455-9555

*Counsel for Plaintiff 155 Wooster LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 155 WOOSTER LLC,<br><br>     Plaintiff,<br><br>    -against-<br><br>Lori Bruno and Modern Manhattan, LLC d/b/a Linge Roset,<br><br>     Defendants. | Docket No.:<br><br>20-cv-4044_____ () |

## COMPLAINT

Plaintiff 155 Wooster LLC ("Plaintiff"), by its attorneys, Rivkin Radler LLP, as for its Complaint against Defendants, Lori Bruno ("Guarantor") and Modern Manhattan, LLC d/b/a Linge Roset ("Tenant", and together with Guarantor, shall collectively be referred to as the "Defendants"), alleges as follows:

## NATURE OF CLAIMS/ACTION

1. In this action, Plaintiff seeks monetary damages against Defendants, jointly and severally, based upon, *inter alia*, Defendants' failure to comply with their respective obligations under the "Lease" and "Guaranty" (as such terms are hereinafter defined), including, but not limited to, Defendants' collective failure to pay to Plaintiff the monthly base rent and additional rent due and owing under the Lease.

2. Tenant is liable for such money damages pursuant to, and in accordance with, the specific terms and conditions of the "Lease" (hereinafter defined).

3. Guarantor is liable to Plaintiff for such money damages pursuant to the terms of her absolute and unconditional written guaranty, pursuant to which, Guarantor personally guaranteed to Plaintiff Tenant's full and prompt performance of all of the terms of the lease, including, but not limited to, Tenant's obligation to pay to Plaintiff all base rent due and owing under the lease.

4. Plaintiff seeks a money judgement against Defendants, jointly and severally, in the amount of all base rent and additional rent due and owing to Plaintiff as of the date of the Complaint, and/or all other money damages due and owing to Plaintiff as of the date of the Complaint, in addition to all base rent and additional rent, which will accrue during the pendency of this action.

5. Plaintiff also seeks a money judgment against (a) Guarantor for all attorneys' fees incurred by Plaintiff by reason of Plaintiff's enforcement of the "Guaranty" (as such term is hereinafter defined) and (b) Tenant for all attorneys' fees incurred by Plaintiff by reason of Tenant's default under the Lease.

## <u>PARTIES</u>

6. Plaintiff is, at all relevant times, a New York Limited Liability Company, whose members directly or indirectly, have citizenship in New York State.

7. Tenant is, upon information and belief, a Pennsylvania Limited Liability Company, whose members are citizens, directly or indirectly, of Pennsylvania, including, but not limited to, Guarantor, as alleged below.

8. Guarantor is, upon information and belief, a resident of the state of Pennsylvania maintaining a residence and/or address, upon information and belief, located at 25 Fachets Lane, Kintersville, Pennsylvania and/or 80 Fachets Lane, Kintersville, Pennsylvania.

9. Plaintiff is the fee simple owner of the building known as and located at 155 Wooster Street, New York, New York (the "<u>Building</u>").

10. Plaintiff's predecessor-in-interest, Paula Cooper, Inc., and Tenant's predecessor-in-interest, FR Resources, Inc. ("FR Resources"), previously entered into a lease, dated February 16, 1998 (the "Initial Lease") for the lease of the ground floor store located in the Building (the "Premises"). The Initial Lease was thereafter amended pursuant to a First Amendment to Sublease, entered into on December 15, 2005, between Landlord and FR Resources (the "First Amendment"). The First Amendment was thereafter amended pursuant to a Second Amendment to Sublease, entered into as of September 17, 2010, between Landlord and FR Resources (the "Second Amendment"). The Second Amendment was thereafter amended pursuant to a Third Amendment to Sublease, dated as of July 1, 2015 (the "Third Amendment"), made between Landlord and Tenant. For the avoidance of any doubt, the lease was assigned from FR Resources to Tenant pursuant to an Assignment and Assumption of Lease, made as of July 1, 2015. The Third Amendment was amended pursuant to a Fourth Amendment to Sublease, dated as of January __, 2017, between Landlord and Tenant (the "Fourth Amendment"). The Fourth Amendment was thereafter renewed pursuant to a Fifth Amendment to Sublease, dated as of August __, 2018, between Landlord and Tenant (the "Fifth Amendment", and together with all other amendments referenced above, shall collectively be referred to as the "Lease").

11. Guarantor is personally liable to Plaintiff for the full and prompt performance of all of Tenant's obligations under the Lease, including, but not limited to, the payment of all monthly base rent and additional rent due and owing under the Lease, pursuant to a Guaranty, executed by Guarantor as of July 1, 2015 (the "Guaranty"). The Guaranty is a guaranty of both payment and performance. The terms of the Guaranty were modified, in part, pursuant to paragraph 7 of the Fifth Amendment, which Guarantor executed and agreed to.

**JURISDICTION AND VENUE**

12. This Court has jurisdiction over Defendants pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

13. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district. The Premises, which is the subject of this action for non-payment, is also located in this district.

14. New York State law applies in this action pursuant to the express terms of the Guaranty and Lease. Specifically, and without limitation, paragraph 9(e) of the Fifth Amendment provides, in relevant part: "This Amendment shall be governed and construed in accordance with the laws of the State of New York." Similarly, paragraph 6 of the Guaranty provides, in relevant part: "This Guaranty shall be governed and interpreted in accordance with the laws of the State of New York, without regard to its conflicts of laws principles, shall be deemed to have been made and performed in New York, and shall be enforceable in New York."

## FACTS RELEVANT TO ALL CLAIMS

15. For purposes of this action, the Fifth Amendment sets forth, and/or otherwise memorializes, the amount of monthly base rent that Tenant is liable to Plaintiff for under the Lease. The monthly base rent due and owing under the Lease, which is set forth in a chart in paragraph 4 of the Fifth Amendment, is set forth below.

| Period | Monthly Base Rent |
|---|---|
| 1/1/2018-7/31/2018 | $76,000.00 |
| 8/1//2018-8/31/2018 | $0.00 |
| 9/1/2018-12/31/2018 | $76,000.00 |
| 1/1/2019-12/31/2019 | $64,916.67 |
| 1/1/2020-12/31/2020 | $78,280.00 |

| 1/1/2021-12/31/2021 | $80,628.40 |
|---|---|

16. Pursuant to the Lease, Tenant's obligation to pay monthly base rent is absolute and unconditional.  Specifically, the introductory paragraph of the Initial Lease provides that Tenant is obligated to pay rent to Plaintiff "without any set off or deduction whatsoever."

17. Pursuant to paragraph 5 of the Fifth Amendment, Tenant was required to deliver to Landlord, and/or otherwise replenish, its security deposit under the Lease, in the amount of $194,750.01 (the "Security Deposit").  Paragraph 5 of the Fifth Amendment provides: "[Simultaneously with the execution of this Amendment, Tenant shall deliver to Landlord a new Letter of Credit/Security Deposit]."

18. Tenant, in breach of its obligations under paragraph 5 of the Fifth Amendment, failed to deliver to Landlord the Security Deposit.

19. In addition to the payment of monthly of base rent, Tenant is also liable to Plaintiff for the payment of additional rent under the Lease, including, but not limited to, late fees for failure to timely pay monthly base rent.

20. With respect to the payment of late fees, paragraph 66(E) of the Initial Lease, provides, in relevant part: "Any payment due which is made more than five (5) days after the same becomes due shall also include a "late charge" of $.03 for each $1.00 so overdue to defray handling costs associated with such late payment."

21. Pursuant to the terms of the Guaranty, Guarantor personally guaranteed to Plaintiff Tenant's full and prompt performance of all of Tenant's obligations under the Lease, including, but not limited to, the payment of monthly base rent and additional rent.

22. Paragraph 1 of the Guaranty provides, in relevant part:

> The undersigned, as surety ("Guarantor") hereby absolutely and unconditionally, guarantees to Landlord and Landlord's legal representatives, successors and assigns, the prompt and full performance and observance by the Tenant and by its legal representatives, successors and assigns, of Tenant's obligations to pay any and all Base Rent and additional rent due under the Lease.

23. The Guaranty is not only a guaranty of payment, but, is also a guaranty of performance, as paragraph 2 of the Guaranty provides: "This Guaranty is an absolute, continuing and unconditional guaranty of payment (and not of collection) and of performance."

24. Additionally, and pursuant to the terms of the Guaranty, Guarantor agreed that she would be liable to Plaintiff for all costs and expenses incurred in connection with the enforcement of the Guaranty, including, but not limited to, attorneys' fees.

25. Paragraph 2 of the Guaranty provides, in relevant part: "The undersigned further agrees to pay all expenses, including out of pocket legal fees and disbursements paid or incurred by Landlord in seeking to enforce this Guaranty."

## BREACH OF THE LEASE AND GUARANTY

26. In breach of Tenant's obligations under the Lease, Tenant failed to pay to Plaintiff the monthly base rent due and owing under the Lease for the period from May, 2018 through and including May, 2020, in the cumulative amount of $597,870.00 (the "Base Rent Arrears").

27. In further breach of Tenant's obligations under the Lease, specifically, paragraph 5 of the Fifth Amendment, Tenant failed to replenish, and/or deliver to Landlord, Tenant's security deposit under the Lease, in the amount of $194,750.01 (the "Security Deposit Damages"), which amount constitutes additional rent due and owing under the Lease.

28. Based upon Tenant's failure to timely pay to Plaintiff the monthly base rent due and owing under the Lease, and/or Tenant's failure to tender the Security Deposit to Plaintiff in accordance with the Fifth Amendment, Tenant is also liable for late fees, in the cumulative amount of $12,036.60, which amount constitutes additional rent under the terms and conditions of the Lease (collectively, the "Late Fees").

29. Collectively, the Base Rent Arrears, plus the Late Fees, plus the Security Deposit Damages equals the sum of $804,656.61 (the "Arrears"), which amount Tenant is liable to Landlord for pursuant to the terms and conditions of the Lease.

30. In breach of Guarantor's obligations under the Guaranty, wherein, Guarantor personally guaranteed the full and prompt performance of all of Tenant's obligations under the Lease, including, but not limited to, the payment of monthly base rent and additional rent, Guarantor failed to pay to Plaintiff: (a) The Base Rent Arrears; (b) the Security Deposit Damages; and (c) the Late Fees.

31. Accordingly, and pursuant to the clear and unambiguous terms of the Guaranty, Guarantor is liable to Plaintiff for the Arrears (i.e. the sum of $804,656.61).

### FIRST CAUSE OF ACTION, AS AGAINST TENANT
### BREACH OF CONTRACT

32. Plaintiff repeats and realleges all prior allegations set forth above, as if fully set forth herein.

33. A valid contract, i.e. the Lease, exists, and/or was otherwise entered into, between Plaintiff and Tenant.

34. Plaintiff has complied with its obligations under the terms of the Lease.

35. Tenant has failed to comply with the terms and conditions of the Lease.

36. Specifically, in breach of Tenant's obligations under paragraph 4 of the Fifth Amendment, Tenant has failed to pay to Plaintiff the monthly base rent due and owing under the Lease, and, as of May, 2020, is liable to Plaintiff for monthly base rent, in the cumulative amount of $597,870.00 (i.e. the Base Rent Arrears).

37. In addition, and in breach of paragraph 5 of the Fifth Amendment, Tenant failed to deliver to Plaintiff the Security Deposit, and therefore is liable to Landlord for an additional $194,750.01 in money damages, whether as additional rent and/or money damages due and owing under the Lease.

38. As a result of Tenant's failure to timely pay to Plaintiff the monthly base rent due and owing under the Lease, and failure to pay to Plaintiff the Security Deposit, Tenant is liable to Plaintiff for late fees, in the amount $12,036.60.

39. Based upon the foregoing, Tenant is liable to Plaintiff for money damages, in the amount of $804,656.61, representing the rental arrears, and/or money damages, due and owing to Plaintiff under the Lease as of May 1, 2020.

40. Tenant has failed to pay all, or any portion of the Arrears.

41. It is anticipated that Tenant will continue to fail to pay to Plaintiff the monthly base rent due and owing under the Lease.   Therefore, Tenant's liability under the Lease will continue to increase each and every month after the date hereof.   Plaintiff expressly reserves the right to conform its pleadings to the proof to reflect the money damages due and owing to it through and including the date of judgment.

42. Accordingly, Plaintiff is entitled to the issuance and entry of a money judgment, in its favor and against Tenant, in the amount of $804,656.61, plus statutory interest, in addition to all accruing monthly base rent and additional rent during the pendency of this action through and including the date of judgment.

## SECOND CAUSE OF ACTION, AS AGAINST GUARANTOR
## BREACH OF GUARANTY

43. Plaintiff repeats and realleges all prior allegations set forth above, as if fully set forth herein.

44. Pursuant to the terms of the Guaranty, Guarantor personally guaranteed to Plaintiff the full and prompt performance of all of Tenants' obligations under the Lease, including, but not limited to, the payment of all monthly base rent and additional rent due and owing under the Lease.

45. The Guaranty was a guaranty of both payment and performance, such that, Guarantor is liable to Plaintiff for all damages suffered by Plaintiff based upon Tenant's breach of the Lease.

46. Tenant failed to pay to Plaintiff (a) the Base Rent Arrears, (b) the Late Fees and (c) the Security Deposit Damages.

47. Accordingly, and pursuant to the terms of the Guaranty, Guarantor is personally liable to Plaintiff for money damages, in the amount of $804,656.61 (i.e. the Arrears), representing all rental arrears, and/or money damages, due and owing under the Lease, as of May, 2020.

48. For purposes of pleading in the alternative, and without prejudice to Plaintiff's rights and remedies, even assuming, arguendo, that the Security Deposit Damages do not constitute additional rent, Tenant's failure to pay such amount constitutes a breach of the Lease.

49. As alleged above, the Guaranty is a guaranty of not only payment, but, also, of performance and Guarantor guaranteed the full and prompt performance of all of Tenant's obligations under the Guaranty, which includes, without limitation, Tenant's obligation to deliver the Security Deposit.

50. Based upon Tenant's breach of its obligations under paragraph 5 of the Fifth Modification to deliver the Security Deposit, which obligation Guarantor personally guaranteed the performance of, Guarantor is liable to Plaintiff for the Security Deposit Damages.

51. It is anticipated that Tenant will continue to fail to pay to Plaintiff the monthly base rent due and owing under the Lease.  Therefore, Guarantor's liability under the Guaranty will continue to increase each and every month after the date hereof.  Plaintiff expressly reserves the right to conform its pleadings to the proof to reflect the money damages due and owing to Plaintiff through and including the date of judgment.

52. Subject to Plaintiff's right to conform its pleadings to the proof, and, based upon the foregoing, Plaintiff is entitled to the issuance and entry of a money judgment, in its favor and against Guarantor, in the amount of $804,656.61, in addition to all accruing rent during the pendency of this action, plus interest.

## THIRD CAUSE OF ACTION, AS AGAINST GUARANTOR ATTORNEYS' FEES

53. Plaintiff repeats and realleges the allegations set forth above, as if fully set forth herein.

54. Pursuant to the terms of the Guaranty, Guarantor is liable to Plaintiff for all expenses, including, but not limited to legal fees, incurred by Plaintiff in seeking to enforce the terms of this Guaranty.

55. Plaintiff has been compelled to commence this action in order to enforce the terms of the Guaranty based upon, *inter alia* Tenant's default under the Lease and/or Guarantor's breach of the terms of the Guaranty.

56. Plaintiff has incurred, and will continue to incur, attorneys' fees in order to enforce the terms of the Guaranty.

57. Based upon the foregoing, Guarantor is liable to Plaintiff for attorneys' fees, in an amount to be determined by the Court, but, in a sum no less than $50,000.00, with interest.

<u>**FOURTH CAUSE OF ACTION, AS AGAINST TENANT**</u>
<u>**ATTORNEYS' FEES**</u>

58. Plaintiff repeats and realleges the allegations set forth above, as if specifically set forth herein.

59. Plaintiff is entitled to all attorneys' fees incurred by Plaintiff in connection with commencing any action against Tenant based upon Tenant's default in the payment of base rent or additional rent due and owing under the Lease.

60. Specifically, paragraph 19 of the Initial Lease provides, in relevant part: "And if Owner, in connection therewith or in connection with any default by Tenant in the covenant to pay rent hereunder, makes any expenditures or incurs any obligations for the payment of money, including, but not limited to attorneys' fees, in instituting, prosecuting or defending any actions or proceeding, such sums so paid or obligations incurred with

interest and costs shall be deemed to be additional rent hereunder and shall be paid by Tenant to Owner."

61. Tenant, as alleged above, has defaulted in the payment of the monthly base rent and additional rent due and owing under the Lease.

62. As a result of such default, Plaintiff has commenced this action.

63. Plaintiff has incurred, and will continue to incur, attorneys' fees in connection with the commencement of this action.

64. Based upon the foregoing, Tenant is liable to Plaintiff for attorneys' fees, in an amount to be determined by the Court, but, in a sum no less than $50,000.00, with interest.

**WHEREFORE**, Plaintiff demands judgment in its favor as follows:

A.   On the First Cause of Action, as against Tenant, granting Plaintiff a money judgment, in favor of Plaintiff and against Tenant, in the sum of $804,656.61, with interest, plus all base rent and additional rent which accrues during the pendency of this action;

B.   On the Second Cause of Action, as against Guarantor, granting Plaintiff a money judgment, in its favor and against Guarantor, in the sum of $804,656.61, with interest, plus all base rent and additional rent which accrues during the pendency of this action;

C.   On the Third Cause of Action, as against Guarantor, granting Plaintiff a money judgment for attorneys' fees, in an amount to be determined by the Court, but in a sum no less than $50,000.00 with interest;

D.   On the Fourth Cause of Action, as against Tenant, granting Plaintiff a money judgment for attorneys' fees, in an amount to be determined by the Court, but in a sum no less than $50,000.00 with interest; and

      E.       Granting Plaintiff such other and further relief as this Court deems just and proper.

Dated: New York, New York
      May 26, 2020

                RIVKIN RADLER LLP

                By:____/s/ *Erez Glambosky*____
                    Erez Glambosky (EG 5309)
                    Mark N. Antar (MA 9973)
              477 Madison Avenue, 20th Floor
              New York, New York 10022
              (212) 455-9555

              *Counsel for Plaintiff 155 WOOSTER LLC*

4838135.v4